1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7       **DISTRICT OF NEVADA**
8

9  STEPHANIE BALSAMO,
10       *Petitioner*,                              2:13-cv-00961-JCM-NJK
11  vs.
12  STATE OF NEVADA, *et al.,*                      ORDER
13       *Respondents*.
14

15       This matter comes before the court for initial review. Petitioner, a Nevada state inmate,

16  filed a notice of appeal, seeking to appeal to this court a decision of the state supreme court

17  affirming the denial of her second state post-conviction petition as, *inter alia*, untimely.

18       Petitioner's filing is subject to multiple defects.

19       First, petitioner did not pay the filing fee, and she did not file an application to proceed

20  *in forma pauperis*.  Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or

21  proceeding . . . whether by original process, removal or otherwise," except for an application

22  for a writ of habeas corpus, is $350.00.  Petitioner did not file an application for a writ of

23  habeas corpus in this court; she filed a notice of appeal.  The filing fee therefore is $350.00.

24  Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner

25  Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that petitioner pay the

26  full $350.00 fee in installments even if she currently is not able to pay the entire fee.

27       Second, this court does not have jurisdiction over the claims brought against the state.

28  The state sovereign immunity recognized by the eleventh amendment bars suit against the

state in federal court, regardless of the relief sought.  *See,e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).

Third, this court does not have appellate jurisdiction over the state supreme court. *See,e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  In filing a notice of appeal seeking to appeal an order of the state supreme court, petitioner unquestionably is seeking to invoke appellate jurisdiction by the federal district court over the state supreme court.  This court does not have such jurisdiction.

Given the multiple substantial defects presented, the action will be dismissed without prejudice.  It does not appear that a dismissal without prejudice would materially affect a later analysis of either the timeliness issue or other procedural issues in a promptly filed new action.  Over and above the fact that the one-year limitation period for a federal habeas action already had expired on its face when the notice of appeal was filed,[1] there are no claims

---

[1]The papers on file and the online docket records of the Nevada state courts reflect the following.

Petitioner Stephanie Balsamo a/k/a Stephanie Wallace, seeks to challenge her Nevada state court judgment of conviction, pursuant to a jury verdict and as amended, of nine counts of burglary, one count of conspiracy to use a cheating device, twelve counts of possession of a cheating device, two counts of use of a cheating device, and one count of possession or sale of a document of personal identifying information to establish false status or identity.

The state supreme court affirmed in part and reversed in part in a decision on rehearing filed on May 10, 2010, in No. 52235.  The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 10, 2010.  See S.Ct.R. 13(3).

The amended judgment of conviction, however, was not filed on remand until September 13, 2010. The time to appeal from the amended judgment of conviction expired on October 13, 2010.

In the interim, Balsamo filed a state post-conviction petition on September 3, 2010.  The state courts denied relief, and the remittitur on the post-conviction appeal in No. 58246 issued on March 21, 2012.

Petitioner thereafter filed a second state post-conviction petition on or about April 10, 2012.  The state courts denied the petition as, *inter alia*, untimely; and the remittitur on the second state post-conviction appeal issued in No. 61289 on May 7, 2013.

According to the papers presented, petitioner mailed the present notice of appeal for filing on or about May 28, 2013.

The court assumes, *arguendo*, to petitioner's benefit, that the one-year federal limitation period did not begin to run until the issuance of the remittitur concluding the first state post-conviction appeal on March 21, 2012.  It does not appear on the current review that direct review concluded for purposes of 28 U.S.C. §

(continued...)

1  asserted in the bare notice of appeal for relation back of claims.  Dismissal of the present

2  defective action without prejudice thus can lead to no substantial prejudice.

3         IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice

4  for lack of jurisdiction over the subject matter.  This action is closed, and petitioner must

5  pursue any further requests for relief in a new action under a new docket number.

6         The clerk of court shall send petitioner two copies of a § 2254 noncapital petition form,

7  one copy of the instructions for same, and one copy of the papers that she filed.

8         The clerk shall enter final judgment accordingly, dismissing this action without

9  prejudice.

10                DATED:   June 24, 2013.

11

12

13                                        _____
                                          JAMES C. MAHAN
                                          United States District Judge

14

15

16

17        [1](...continued)

18  2244(d)(1)(A) prior to the expiration of the time period for filing a direct appeal from the amended judgment of
    conviction on remand, on October 13, 2010.  Prior to that date, petitioner had filed her first state petition,

19  which statutorily tolled the running of the federal limitation period under § 2244(d)(2)  through the issuance of
    the March 21, 2012, remittitur on the post-conviction appeal. (Even without this *arguendo* assumption, less

20  than a month would have elapsed between the August 10, 2010, expiration of the time for filing a petition for a
    writ of *certiorari* and the September 3, 2010, filing of the first state petition.)

21
          More than a year elapsed, however, between the March 21, 2012, issuance of the remittitur on the

22  first state post-conviction appeal and the May 28, 2013, putative constructive filing date of the notice of
    appeal in this matter.  Under established law, the untimely second state petition did not statutorily toll the

23  running of the federal limitation period during its pendency.  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).
    Under *Pace*, the state supreme court's holding that the second state petition was untimely literally is the "end

24  of the matter" with regard to the application of the statutory tolling provision in § 2244(d)(2).  544 U.S. at 414.

25        Accordingly, even indulging the most liberal *arguendo* assumptions regarding the calculation of the
    running of the federal limitation period, the limitation period expired on its face prior to the constructive filing of

26  the present action, absent additional tolling or delayed accrual. A dismissal of the present action without
    prejudice thus would not materially impact the analysis of the limitation issue with regard to a promptly-filed

27  new action.  Petitioner would have to rely upon substantially more than the May 28, 2013, putative filing date
    in the present action to establish timeliness – in a situation where the filing of a second state petition in the

28  interim would tend to clearly establish that petitioner was capable of seeking judicial relief during that time.